# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KEITH S. BETTS,

        Plaintiff,

v.                                                 Case No. 16-C-734

DR. KAREN BUTLER,

        Defendant.

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Keith S. Betts, who is now represented by counsel, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated when he was incarcerated as a pretrial detainee at Racine County Jail. Betts alleged that Dr. Karen Butler was deliberately indifferent to his serious dental needs in violation of his Eighth Amendment right against cruel and unusual punishment. Before the court is Dr. Butler's second motion for summary judgment. Dr. Butler's first motion for summary judgment was denied because the court concluded a trial was necessary to determine whether Dr. Butler's failure to order a "priority" dental appointment for Betts amounted to deliberate indifference. For the reasons set forth below, Dr. Butler's second motion for summary judgment will be granted.

## BACKGROUND

While held in Racine County Jail, Betts experienced severe tooth pain, which led him to submit a number of grievances and medical requests. Betts submitted a grievance to the Racine County Sheriff's Department and a medical request in Racine County Jail on March 15, 2016,

complaining of severe pain from a toothache after not receiving his medication that morning because he was in the law library. On March 29, 2016, Betts submitted another medical request, complaining of "the pain [he] continue[d] to be in due to the hole in [his] tooth." ECF No. 42-1 Ex. A-1. Betts submitted a grievance to the jail captain on March 31, 2016, this time complaining that he "continue[d] to suffer in severe pain from a hole/cavity" in one of his teeth and that he was "being provided inadequate medical care/treatment" because of the delay in receiving treatment. ECF No. 1-9. On April 1, 2017, Betts submitted a grievance to the jail captain and a medical request, both complaining of severe tooth pain, that the tooth pain interfered with his ability to eat and sleep, and that he was receiving "inadequate medical attention/treatment" because he had not yet received medical treatment. *Id.*; ECF No. 42-1 Ex. A-3.

A nurse examined Betts on April 2, 2016. The nurse's notes indicate that Betts complained of a hole in his tooth, tooth pain, and a sore on his right leg. After completing a comprehensive examination of Betts, the nurse noted that one of Betts' teeth was decayed but that there was no bleeding, swelling, or signs of infection. The nurse reported these findings to Dr. Butler, who ordered a "dental soft diet" and pain medication. Def.'s Proposed Findings of Fact (DPFOF) ¶ 22, ECF No. 43. Dr. Butler also authorized a referral for an off-site visit to the dentist to assess further treatment options, which was scheduled for May 24, 2016.

While waiting for his dental appointment, Betts' tooth symptoms persisted. On April 9, 2016, Betts submitted a medical request complaining of severe tooth pain and a tooth infection. On April 21, 2016, a nurse examined Betts and noted that he presented with a hole in his tooth and drainage from this hole, pain radiating into his left ear, and swollen, red gums. The same day, the nurse relayed her findings to Dr. Butler, who ordered an antibiotic, a dental soft diet, and pain

2

medication. Dr. Butler did not order or otherwise attempt to obtain a "priority" dental appointment for Betts to occur before May 24, 2016. Dr. Butler testified that she "could not expedite for Mr. Betts" and that, "knowing the protocol at Racine County Jail, it would be a futile attempt to make an appointment for any dental patient . . . in an expedient fashion." Butler Dep. 73:13–16, 74:1–2, ECF No 85-1.

Betts submitted another medical request regarding his tooth on May 12, 2016. Four days later, Betts presented to jail medical staff with continued tooth pain and inflammation. The nurse noted that Betts had pain and inflammation, but she did not note an infection. The nurse communicated her findings to Dr. Butler, who noted that Betts had a dentist appointment scheduled for May 24, 2016. Dr. Butler ordered a week's worth of pain medication. For security reasons, medical staff could not inform Betts of his appointment date.

Betts met with a dentist on May 24, 2016, as scheduled. Betts presented to the appointment with "broken tooth, tooth ache, sensitivity to cold and sensitivity to hot." ECF No. 85-2 at RD 2005. An examination showed "gross recurrent decay, pain on palpation and pain on percussion" and resulted in an assessment of "Hopeless." *Id.* The dentist's notes revealed that Betts was "given alternative treatment options including no treatment, referral for endodontic or periodontic evaluation," and that Betts "elect[ed] to the treatment of: an extraction." *Id.* Betts' tooth was extracted the same day.

**LEGAL STANDARD**

Summary judgment is appropriate where the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Dunn v. Menard, Inc.*, 880 F.3d 899, 905 (7th Cir. 2018). The court construes all facts and

3

reasonable inferences in the light most favorable to the non-moving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013). A fact is material if it is one the law identifies as affecting the outcome of the case. *Nat'l Am. Ins. Co. v. Artisan & Truckers Cas. Co.*, 796 F.3d 717, 722 (7th Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248 (1986). The nonmovant "need not depose her own witnesses or produce evidence in a form that would be admissible at trial, but she must 'go beyond the pleadings' . . . to demonstrate that there is evidence 'upon which a jury could properly proceed to find a verdict' in her favor." *Modrowski v. Pigatto*, 712 F.3d 1166, 1168–69 (7th Cir. 2013) (quoting *Anderson*, 477 U.S. at 251).

## ANALYSIS

In its August 8, 2017 decision denying Dr. Butler's first motion for summary judgment, the court concluded that a trial was necessary on the question of whether Dr. Butler's failure to order a "priority" appointment for Betts amounted to deliberate indifference to his serious dental needs. ECF No. 60 at 10. The court recruited counsel for Betts for the purpose of representing him at the final pretrial conference and trial and entered a new scheduling order. On September 5, 2018, Dr. Butler filed a second motion for summary judgment, focusing on the defense of failure to exhaust administrative remedies (which had come to light with further discovery) and the "priority" appointment issue.

**A. Betts' Exhaustion of Administrative Remedies**

Dr. Butler argues that Betts failed to exhaust his administrative remedies. Under the Prison Litigation Reform Act (PLRA), a prisoner must exhaust available administrative remedies before

4

filing suit under 42 U.S.C. § 1983 with respect to prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). "A prisoner must exhaust his grievances in accordance with prison procedural rules." *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013); *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). That a prisoner believes exhaustion is futile does not eliminate this requirement. *Dole v. Chandler*, 438 F.3d 804, 808–09 (7th Cir. 2006). "If administrative remedies are not 'available' to an inmate, then the inmate cannot be required to exhaust." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). A remedy becomes "unavailable" if prison employees do not respond to a properly filed grievance. *Dole*, 438 F.3d at 809. Exhaustion is an affirmative defense, and the defendant bears the burden of proof. *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016). The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Dole*, 438 F.3d at 809.

Dr. Butler asserts that Betts failed to exhaust his administrative remedies because he did not file any grievances alleging inadequate care by Dr. Butler or grievances related to dental appointment delay. In response, Betts notes that Dr. Butler failed to allege which grievance procedures he did not follow given that the Racine County Jail handbook was updated in July 2016 and all of the relevant grievances were filed before then. Further, Betts cites *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013), to argue that, notwithstanding the handbook issue, his March 15th, March 31st, and April 1st grievances complaining of being denied adequate medical care reasonably carried over into a grievance for his dental care going forward until the date his tooth was extracted.

As an initial matter, the court is satisfied that the July 2016 update to Racine County Jail's handbook did not alter the inmate grievance policy in a material manner from the policy in effect from March 2016 through May 2016. *See* ECF No. 90 at ¶ 4. Betts' history of filing inmate

5

grievances reveals that, even if the policy was modified, it was not modified such that the requirement of filing grievances was previously absent. *See* ECF No. 78-1 at 1–4. Although the updated grievance policy contains permissive rather than mandatory language, see ECF 77-2 at 13–14, Betts does not argue that such permissive language obviates the requirement that grievances be filed in order to exhaust administrative remedies under the PLRA.

Betts has failed to exhaust his administrative remedies, and his reliance on *Turley v. Rednour* to argue that his March 15th, March 31st, and April 1st grievances suffice is unconvincing. In *Turley*, the Seventh Circuit held that a prisoner's grievance was sufficient to exhaust his complaints because the grievance challenged a general lockdown policy, not specific incidents of lockdown. 729 F.3d at 650. The *Turley* court explained that, "[i]n order to exhaust their remedies, prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing." *Id.* Here, Betts' March 15th grievance complained of a "denial of adequate medical care," but the underlying objectionable condition was the non-receipt of his medication on the morning of March 15th. ECF No. 78-1 at 5. Betts' March 31st and April 1st grievances also complained of inadequate medical care, but the underlying objectionable condition in each was the delay of medical care prior to April 2, 2016. ECF No. 1-9. After being treated for his tooth pain on April 2, 2016, and a dentist appointment was scheduled, Betts did not file another grievance related to the inadequacy of medical care for his tooth or the delay in seeing a dentist. Because each of Betts' grievances related to a specific incident (denial of medication on March 15th and delay in care prior to April 2nd) and because no grievances were filed after Betts was treated on April 2, 2016, *Turley* is inapplicable and the grievances are insufficient to show exhaustion of his claim against Dr. Butler. Whether Dr. Butler can produce evidence showing that

each grievance received a response is immaterial given that no grievance was filed after April 2nd relating to inadequate or delayed care.

The medical requests Betts submitted after April 2, 2016 do not cure this deficiency. Whether a prisoner's *medical requests*, as opposed to *grievances*, can exhaust administrative remedies where a grievance process exists is a scantily addressed issue. Courts that have addressed this issue approach it differently. *Compare George v. Chronister*, 319 F. App'x 134, 137 (3d Cir. 2009) (assessing whether medical requests substantially comply with the prison's administrative remedy scheme such that they can be exhaustive), *with Josey v. Noonan*, No. 0:07-1657-MBS, 2008 WL 2066400, at *5 n.6 (D.S.C. May 13, 2008) ("[M]edical requests are not grievances, and Plaintiff being dissatisfied with the care he received in response to his medical requests or inmate request forms does not constitute the exhaustion of the jail grievance process."), *and Napier v. Laurel Cty., Kentucky*, No. 06-368-ART, 2009 WL 2255767, at *5–6 (E.D. Ky. July 29, 2009) (finding medical requests non-exhaustive where the jail's policy did not prevent inmates from filing grievances relating to the denial of medical care and where the evidence indicated that the prisoner understood the grievance process).

Betts has not strictly complied with Racine County Jail's grievance procedure. The Seventh Circuit has adopted a "strict compliance" approach to exhaustion. *Dole*, 438 F.3d at 809; *Pozo*, 286 F.3d at 1025 ("To exhaust administrative remedies, a person must follow the rules governing filing and prosecution of a claim."). Racine County Jail's grievance process requires that, *inter alia*, a prisoner file a written grievance "by use of an 'Inmate Request' form." ECF No. 77-2 at 13. The Jail handbook sets forth numerous other procedural requirements attendant to the grievance process and differentiates between grievances and medical requests, including the forms required for each.

*See id.* The procedure also allows an inmate to file an appeal to the jail captain if a grievance is denied. After April 2, 2016, Betts did not file a grievance related to Dr. Butler's care or a delay in receiving a dental appointment—he only filed requests for medical attention on "Inmate Request for Medical Attention" forms. Even prior to April 2, 2016, Betts did not file a grievance related to Dr. Butler's care. Moreover, Betts has not demonstrated that any of his grievances were denied and that he appealed those denials. That Betts' March 15, 2016 grievance received a response from the jail captain does not speak to whether the request was denied and therefore appealable. In fact, Betts grievance was addressed, as he received his medication later on March 15, 2016. Pl.'s Resp. Def.'s Proposed Findings of Fact, ECF No. 84 at ¶ 32. Given the Seventh Circuit's strict compliance approach to exhaustion, Betts' requests for medical attention cannot be substituted for properly filed grievances that comply with Racine County Jail's grievance process. *Cf. Woodford*, 548 U.S. at 95 (observing that, "unless noncompliance carries a sanction," the PLRA's exhaustion scheme would be "toothless," which was not Congress' intent). Therefore, Betts' claim against Dr. Butler must be dismissed.

**B. Deliberate Indifference**

Although Betts' failure to exhaust his administrative remedies independently warrants dismissal of his deliberate indifference claim against Dr. Butler, his claim also fails on the merits. The Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. A prison official's deliberate indifference to a prisoner's serious medical need violates the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *Johnson v. Doughty*, 433 F.3d 1001, 1010 (7th Cir. 2006). A claim of deliberate indifference to a serious medical need involves an objective and subjective component. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). To satisfy the objective

component, a prisoner must demonstrate that his medical need is "sufficiently serious," meaning it "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farmer*, 511 U.S. at 834; *Foelker v. Outagamie Cty.*, 393 F.3d 510, 512 (7th Cir. 2005). To satisfy the subjective component, a prisoner must demonstrate that the prison official acted with a "sufficiently culpable state of mind," meaning the prison official "must know of the serious risk to the prisoner's health, i.e. the serious medical need at issue, and [the official] must also consciously disregard that risk/need." *Farmer*, 511 U.S. at 834; *Johnson*, 433 F.3d at 1010. "Deliberate indifference requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless . . . ." *Figgs v. Dawson*, 829 F.3d 895, 903 (7th Cir. 2016). A prison official is deliberately indifferent when "he does nothing or when he takes action that is so ineffectual under the circumstances that deliberate indifference can be inferred." *Id.* (internal citation omitted).

Betts has presented evidence that his dental needs were objectively serious. Betts' assertion that he experienced severe dental pain and a tooth infection and that such symptoms interfered with his ability to eat and sleep is sufficient to support a finding of a serious medical need. *Board v. Farnham*, 394 F.3d 469, 480 (7th Cir. 2005); *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 2005); *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989). The Seventh Circuit has continued to highlight the importance of dental care for inmates. *See Hoeft v. Menos*, 347 F. App'x 225, 227 (7th Cir. 2009); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("[D]ental care is one of the most important needs of inmates.") (quoting *Ramos v. Lamm*, 639 F.2d 559, 576 (10th Cir. 1980)). Other than by incorporating by reference arguments presented in her brief in support of her first motion for summary judgment,

9

Def.'s Br., ECF No. 74 at 9 n.4, Dr. Butler does not dispute that Betts' dental needs were serious. Even the incorporated arguments fail because Dr. Butler cites no authority showing that dental needs like Betts' are not serious.

The court denied Dr. Butler's first motion for summary judgment because it concluded that a triable issue remained as to whether Dr. Butler's failure to order a "priority" dental appointment amounted to deliberate indifference to Betts' serious dental needs. The court reached this decision given the Seventh Circuit's decision in *Berry v. Peterman*. 604 F.3d 435 (7th Cir. 2010). The facts surrounding this issue are undisputed. Each time Dr. Butler treated Betts, Dr. Butler received a report on Betts' condition from an examining nurse; Dr. Butler never personally examined Betts. On April 2, 2016, in response to a nurse's examination revealing that Betts had tooth pain and decay, Dr. Butler ordered a dental soft diet, pain medication, and authorized a referral for a dental appointment, which was scheduled for May 24, 2016. On April 21, 2016, Betts presented with tooth pain and drainage from a hole in his tooth. Dr. Butler ordered a dental soft diet, pain medication, and an antibiotic. Dr. Butler did not attempt to expedite Betts' dental appointment or to otherwise order a "priority" appointment. On May 12, 2016, Betts presented with tooth pain and infection, but the examining nurse noted no signs of infection. Dr. Butler ordered a week of pain medication.

Although the court previously denied summary judgment based on *Berry*, a reexamination of the *Berry* opinion reveals that, in this case, summary judgment in favor of Dr. Butler is appropriate. In *Berry*, the Seventh Circuit denied summary judgment for Dr. Butler because "a jury could reasonably conclude that Dr. Butler knowingly adhered to an easier method to treat [Berry's] pain that she knew was not effective." 604 F.3d at 441. In support of its decision, the *Berry* court noted that Dr. Butler "rejected the obvious alternative of referring [Berry] to a dentist," an action

10

the court characterized as "a basic treatment option." *Id.* Here, unlike in *Berry*, Dr. Butler did not knowingly adhere to an easier method to treat Betts' pain that she knew was not effective or ignore a basic treatment option. Instead, Dr. Butler immediately authorized a dentist appointment on April 2, 2016, and continued to provide Betts with treatment after Betts' next two medical appointments. When Betts presented with a tooth infection on April 21, 2016, Betts ordered a dental soft diet, pain medication, and an antibiotic—a course of action that appeared to ameliorate Betts' condition given that he did not present with signs of an infection at his next medical appointment. Also unlike in *Berry*, here, Betts did not specifically request on numerous occasions the treatment at issue—in this case, a "priority" dental appointment. *See id.* at 442. Instead, Betts filed no grievance relating to a delay in receiving a dentist appointment. Because Dr. Butler did not ignore an obvious treatment option, *Berry* does not require a denial of summary judgment.

The summary judgment record makes clear that Dr. Butler did not exhibit subjective indifference to Betts' dental needs. To issue her treatment orders, Dr. Butler relied on the examining nurse reports regarding Betts' condition. At the first sign of Betts having tooth pain, Dr. Butler ordered a dental soft diet, pain medication, and a dentist appointment. Dr. Butler later ordered an antibiotic at the first sign of an infection. Dr. Butler's failure to even attempt to obtain a "priority" dentist appointment after one was already scheduled does not amount to subjective indifference. At most, Dr. Butler's failure to make this attempt was negligent, but such negligence does not constitute intentional, subjective indifference. *See Figgs*, 829 F.3d at 903 ("Deliberate indifference requires more than negligence or even gross negligence . . . ."); *Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007) (satisfying the subjective prong requires proof that the defendant's treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate a medical

11

condition") (citation omitted). If Betts disagreed or was otherwise dissatisfied with Dr. Butler's treatment, then he could have filed a grievance compliant with Racine County Jail policy. Not only did Betts not grieve of inadequate care from Dr. Butler, but even if he disagreed with Dr. Butler's choice to prescribe a dental soft diet, pain medication, and an antibiotic rather than attempt to order a "priority" appointment, such a disagreement with medical judgment is not deliberate, subjective indifference. *See Edwards*, 478 F.3d at 831 ("[A] disagreement with a doctor's medical judgment is not deliberate indifference.")

Although Betts' deliberate indifference claim against Dr. Butler must be dismissed for failure to exhaust administrative remedies, it also fails on the merits because Betts cannot demonstrate that Dr. Butler was deliberately, that is, subjectively, indifferent toward his serious dental needs. Therefore, entry of summary judgment in Dr. Butler's favor is appropriate.

## CONCLUSION

For the foregoing reasons, Dr. Butler's second motion for summary judgment (ECF No. 73) is **GRANTED** and the case is dismissed. The Clerk is instructed to enter judgment accordingly.

**SO ORDERED** this   20th   day of November, 2018.

                                            s/ William C. Griesbach
                                            William C. Griesbach, Chief Judge
                                            United States District Court